## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON DALTON,<br><br>            *Plaintiff*,<br><br>v.<br><br>MENLO CAPITAL PARTNERS LLC,<br>            *Defendant*. | Case No. _____<br><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant Menlo Capital Partners LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the multi-tenant commercial building known as "Northway Center", even though such removal is readily achievable.

2.      The violations alleged in this complaint occurred at "Northway Center", located at 9101 S Highway Drive, Lexington, MN 55014.

3.      Defendant's failure to provide equal access to "Northway Center" violates the mandates of the ADA and the MHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

- 1 -

4.      Defendant's conduct constitutes an ongoing and continuous violation of the law.

5.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA and MHRA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law cause of action, violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat.

363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq., and under the MHRA.

9.      Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq., and under the MHRA. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10.      Defendant Menlo Capital Partners LLC, a Minnesota limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the multi-tenant commercial building "Northway Center", a place of public accommodation within the meaning of the ADA and MHRA, located at the street address of 9101 S Highway Drive, Lexington, MN 55014.

## FACTUAL BACKGROUND

11.      Plaintiff uses a large power wheelchair for mobility and owns a van with a wheelchair lift that allows him to travel around the Minneapolis/St. Paul metropolitan area. Plaintiff cannot drive his van himself. Instead, he requires the assistance of a personal care assistant to drive his van for him. Plaintiff regularly travels around the Minneapolis/St. Paul metropolitan area, including the vicinity of "Northway Center".

12.      "Northway Center" had several commercial tenants, including Festival Foods, Dollar Tree, Annie's Wok, El Loro Mexican Grill & Cantina, and O'Reilly Auto Parts.

13.     When he visited, Plaintiff found that the "Northway Center" customer parking lot had approximately 330 total parking spaces.

14.     Plaintiff found 10 parking spaces reserved as accessible parking spaces reserved though posted signage.

15.     Plaintiff found the 4 reserved parking spaces located in front of Festival Foods lacked adjacent access aisles.

16.     Hashed lines were painted near the parking spaces, but these lines were part of the crosswalk and vehicular way, not access aisles appropriate for making a safe transfer between a vehicle and the parking lot.

17.     Plaintiff found 0 parking spaces reserved as van accessible parking spaces.

18.     Photographs in Exhibit A to this Complaint depict the reserved parking spaces in the "Northway Center" customer parking lot.

19.     As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "Northway Center".

20.     Plaintiff lives in Burnsville, Minnesota and frequently travels throughout the Twin Cities, including Circle Pines. He attempted to patronize "Northway Center", but was deterred, due to the lack of accessible parking.

21.     In light of the architectural barriers at "Northway Center", Plaintiff is deterred from visiting "Northway Center" in the future. Plaintiff would like to be able to patronize "Northway Center", but these architectural barriers deter him from doing so. He plans to return and patronize "Northway Center" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22.     Plaintiff attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and MHRA that exist at Defendant's premises.

- 4 -

As a result of Defendant's non-compliance with the ADA and MHRA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACTUAL ALLEGATIONS

23.    Defendant has discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA, the ADAAG, and the MHRA with regard to "Northway Center". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Northway Center" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

a.    "Northway Center" had 330 total parking spaces in its customer parking, lot, but it lacked the required 8 accessible parking spaces complying with ADAAG 502, in violation of ADAAG 208.2. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and the customer parking lot.

b.    4 parking spaces in the "Northway Center" customer parking lot did not have an adjacent access aisle, in violation of ADAAG 502.2. Plaintiff requires an access aisle to make a safe transfer between his vehicle and the parking lot.

c.    0 reserved parking spaces were reserved as van parking spaces, in violation of ADAAG 208.2.4 and 502.6.

24.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "Northway Center". To qualify as an accessible parking space, it must be located on the shortest ac-

cessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

25.    In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Northway Center" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

26.    Compliance with the ADA standards, the ADAAG, and the MHRA is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

27.    As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

28.    Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Northway Center" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

29.    Plaintiff incorporates and realleges the above paragraphs.

- 6 -

30.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, pro-
vides:

>       No individual shall be discriminated against on the basis of
>       disability in the full and equal enjoyment of the goods, ser-
>       vices, facilities, privileges, advantages, or accommodations of
>       any place of public accommodation by any person who owns,
>       leases (or leases to), or operates a place of public accommo-
>       dation.

31.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimina-
tion to deny individuals with disabilities an opportunity to participate in or benefit from
the goods, services, facilities, privileges, advantages, or accommodations that is equal to
the opportunities afforded to other individuals.

32.     Defendant has discriminated against Plaintiff and others in that it failed to
make its place of public accommodation fully accessible to persons with disabilities on a
full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated
thereunder, including the ADAAG, as described above. Plaintiff has been denied full and
equal access to "Northway Center" and/or has been denied the opportunity to participate
in or benefit from the goods, services, facilities, privileges, advantages, or accommoda-
tions on a full and equal basis.

33.     Defendant has failed to take any prompt and equitable steps to remedy its
discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

34.     Defendant has failed to remove architectural barriers to full and equal ac-
cess by Plaintiff, even though removing the barriers is readily achievable.

35.     Plaintiff plans to visit "Northway Center" again in the near future. Plaintiff
is without adequate remedy at law, has suffered and is suffering irreparable harm, and
reasonably anticipates that he will continue to suffer irreparable harm upon his planned
return visit to "Northway Center" unless and until Defendant is required to remove the

physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

36.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Northway Center" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Northway Center" until such time as Defendant cures the access barriers.

37.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

38.     Plaintiff incorporates and realleges the above paragraphs.

39.     Minn. Stat. 363A.11 provides:

It is an unfair discriminatory practice:

(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of […] disability […]; or

(2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

40.     Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

- 8 -

41.     Under specific prohibitions against discrimination on the basis of disability established by the MHRA, Minn. Stat. 363A.11, Subd. 3 (4) it is discrimination to "fail[] to remove architectural barriers…in existing facilities… if the removal is readily achievable."

42.     Defendant has engaged in unfair discriminatory practices against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiff has been denied full and equal access to "Northway Center", and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered therein on a full and equal basis.

43.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the MHRA are ongoing.

44.     As is set forth above, Defendant has failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though removing the architectural barriers is readily achievable.

45.     Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Northway Center", unless and until Defendant is required to remove the physical barriers to access and MHRA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

46.     This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendant to cease and desist from its unfair discriminatory practices and to take affirmative action to make its facilities readily accessible to and independently usable by individuals with disabilities. The Court

furthermore has authority under these statutory provisions of the MHRA to order Defendant to pay a civil penalty to the state.

47.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendant as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

**WHEREFORE**, Plaintiff respectfully requests:

    a.  That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendant's conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

    b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.  That the Court order Defendant to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d.  That the Court award Plaintiff damages, to be paid by Defendant pursuant to Minn. Stat. 363A.33, Subd. 6, Minn. Stat. 363A. 29, Subd. 4.

e.  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

DATED:  April 21, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805